## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN FARMER and CONNIE FARMER,** | ) <br> ) <br> ) |
| **Plaintiffs,** | ) <br> ) |
| **vs.** | )    **Case No. 3:16-CV-00811-NJR-SCW** <br> ) |
| **PROGRESSIVE NORTHERN INSURANCE CO., JEFFREY L. CLARK, MATHEW C. OWEN, COLLETTE CROWDER, and DUNCAN RV REPAIR, LLC,** | ) <br> ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter comes before the Court on the Motion to Remand (Doc. 16) filed by

Plaintiffs Brian Farmer and Connie Farmer.

### BACKGROUND

Progressive Northern Insurance Co. issued a policy of insurance to Plaintiffs

covering property damage to Plaintiffs' motorhome (Doc. 1-1). On November 2, 2014,

the motorhome's front left tire burst, causing the motorhome to run off the road and into

a ditch (*Id.*). Plaintiffs reported the claim to Progressive, and the motorhome eventually

was sent to Duncan RV Repair, LLC, a Progressive-authorized repair center, to be

repaired. Plaintiffs allege that Duncan RV repaired their motorhome in a negligent,

careless, and unworkmanlike manner and used inferior parts that were wholly

inadequate for the normal operation of the motorhome (*Id.*, p. 5). Specifically, Plaintiffs

claim that—after the motorhome was supposedly repaired—it still had issues with its

batteries, wiring, tires, wipers, king pin, delaminated siding, frame, ladder, exhaust system, and skid plate fasteners (*Id.*). Plaintiffs further allege that Defendants concealed facts, switched or removed components, jerry-rigged repairs, destroyed or secreted evidence, and misrepresented facts about the motorhome's preexisting conditions, the storage conditions of the motorhome, and the availability of other qualified RV repair shops (*Id.* at 7). Plaintiffs were unable to recover their motorhome until March 21, 2016—more than a year and four months after the accident occurred (*Id.*, p. 4).

Plaintiffs filed a Complaint in the Circuit Court of Madison County, Illinois, on May 26, 2016, naming Progressive, Progressive employees Jeffrey Clark, Mathew Owen, and Collette Crowder, and Duncan RV as defendants (Doc. 1-1). Plaintiffs allege claims for breach of contract against Progressive (Count I), negligence against Progressive (Count II), negligence against Duncan RV (Count III), negligence against Clark, Owen, and Crowder (Count VI), in concert activity against all defendants (Count V), fraud against Progressive, Clark, Owen, and Crowder (Count VI), civil conspiracy against Progressive and Duncan RV (Count VII), and breach of contract against Duncan RV (Count VIII).

On August 1, 2016, Progressive, Clark, and Owen ("the Progressive Defendants") removed the case to this district court. The Progressive Defendants assert that removal is proper because complete diversity of citizenship exists between the parties, giving the Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (Doc. 13). Plaintiffs are citizens of Illinois. Progressive is a Wisconsin corporation with its principal place of business in Ohio (Doc. 13, p. 2). Duncan RV is an LLC whose sole member is a

citizen of Indiana. Duncan RV, therefore, is a citizen of Indiana. Collette Crowder is also a citizen of Indiana. Jeffrey Clark and Matthew Owen ("the Progressive employees"), however, are citizens of Illinois. Although their Illinois citizenship would normally destroy diversity jurisdiction, the Progressive Defendants assert that Plaintiffs fraudulently joined the Progressive employees in an effort to defeat diversity jurisdiction. The Progressive Defendants also note the amount in controversy requirement (in excess of $75,000, exclusive of interest and costs) is satisfied, as Plaintiffs seek compensatory damages in excess of $50,000 for each of their claims, in addition to punitive damages and attorney fees.

On August 10, 2016, Plaintiffs filed a Motion to Remand asserting the Progressive employees were not fraudulently joined (Doc. 16). On September 9, 2016, Progressive and the Progressive employees filed a memorandum in opposition to Plaintiffs' Motion to Remand (Doc. 28). Plaintiffs filed a reply brief on September 23, 2016. (Doc. 30).

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Pooter v. Janus Inv. Fund*, 483 F. Supp. 2d 692, 694-95 (S.D. Ill. 2007). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Kitson v. Bank of Edwardsville*, No. 06-528, 2006 WL 3392752,

at *1 (S.D. Ill. Nov. 22, 2006). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. April 13, 2012).

"'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)); *Kalbfleisch ex rel. Kalbfleisch v. Columbia Community Unit School Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1087 (S.D. Ill. 2009). "Doubts concerning removal must be resolved in favor of remand to the state court." *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 841 (S.D. Ill. 2006).

## ANALYSIS

In their Motion to Remand, Plaintiffs argue that the Progressive employees, who are citizens of Illinois, were not fraudulently joined. Thus, there is no complete diversity of citizenship, and the case must be remanded to state court.

A plaintiff may not join a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). The "fraudulent joinder" doctrine, therefore, permits a district court considering removal "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 763 (7th Cir. 2009).

"To establish fraudulent joinder, a removing defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013). Put differently, the defendant has the "heavy burden" of showing that the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). The Court's role in evaluating allegations of fraudulent joinder is "to determine whether Plaintiff's complaint provides a reasonable basis for predicting that the plaintiff might be able to recover against an instate defendant . . . not to ascertain the merits of [the] claim." *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1096 (S.D. Ill. 2007). Even if a state court might ultimately find that a plaintiff has failed to state a claim against a defendant, joinder of the claim is not "fraudulent" for purposes of this court's jurisdiction so long as the issue of state law is subject to reasonable argument on both sides. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992) (if "intricate analysis of state law" is needed to dismiss claim, the claim may not be disregarded for purposes of diversity jurisdiction).

In their Complaint, Plaintiffs assert three claims against the Progressive employees:   negligence, in concert activity, and fraud. In opposition to Plaintiffs' Motion to Remand, the Progressive Defendants argue that Plaintiffs could not be successful on the negligence claim because the Progressive employees had no duty to Plaintiffs, and the economic loss doctrine bars their tort claims. The Progressive Defendants also assert that Plaintiffs did not state a claim for concerted action and did not plead their fraud claim with particularity as required by federal law.

The Court first reviews Plaintiffs' claim of fraud against the Progressive employees. The elements of a claim of fraudulent misrepresentation in Illinois are: (1) false statement of material fact; (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in reliance on the truth of the statement, and (5) damages. *McCarter v. State Farm Mut. Auto. Ins. Co.*, 130 Ill. App. 3d 97, 101, 473 N.E.2d 1015, 1018 (Ill. App. Ct. 1985). A fraud claim must assert "specific allegations of facts from which fraud is the necessary or probable inference," including "what misrepresentations were made, when they were made, who made the misrepresentations and to whom they were made." *Bd. Of Educ. v. A C & S, Inc.*, 131 Ill. 2d 428, 457, 546 N.E.2d 580, 593–94 (1989); *see also* FED. R. CIV. P. 9(b) ("a party must state with particularity the circumstances constituting fraud or mistake").

Here, Plaintiffs claim that the Progressive employees misrepresented several facts to them, including:  that the motorhome was repaired in a complete, timely, and workmanlike manner with suitable parts; that there was no qualified RV repair facilities near Plaintiffs' home; the longstanding relationship Progressive had with Duncan; the whereabouts and condition of certain screws removed from the motorhome; and the storage conditions of the motorhome (Doc. 1-1, p. 9). Plaintiffs allege that the Progressive employees misrepresented these facts to induce them to agree to send the motorhome to Duncan RV and so that Progressive could avoid paying for repairs. As a direct result of Defendants' fraudulent misrepresentations, the motorhome was not fully repaired in a timely and workmanlike manner. Furthermore, Plaintiffs have been or will be required to pay for corrective repairs, have been deprived of the use of the motorhome, and the

value of the motorhome has declined (*Id.*).

In response to Plaintiffs' fraud claim, the Progressive Defendants do not argue that Plaintiffs cannot establish a cause of action against the Progressive employees for fraud. Rather, they merely assert that Plaintiffs did not plead their fraud claim with the level of particularity required by federal and state law. More precisely, they argue that Plaintiffs lumped Progressive and its employees together into each allegation, failed to specify which defendant made which representation, and failed to specify the actual representations that were made, when they were made, and to whom they were made.

Arguing that a plaintiff has not pleaded the elements of a claim with the required level of particularity, however, is not the same as showing that a plaintiff has "no chance of success" against a non-diverse defendant. "A defendant's stringent burden of proof in establishing a claim of fraudulent joinder is not met merely by pointing to supposed defects in a plaintiff's pleading." *Hauck v. ConocoPhillips Co.*, No. CIV. 06-135-GPM, 2006 WL 1596826, at *4 (S.D. Ill. June 6, 2006); *see also McNichols v. Johnson & Johnson*, 461 F.Supp.2d 736, 739 (S.D. Ill. 2006) (a defendant's burden of proving fraudulent joinder "cannot be shifted to the plaintiff by . . . pointing to formal defects in the plaintiff's submissions to the court."). Furthermore, it is not the burden of Plaintiffs to show that their case does not belong in federal court. *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1095 (S.D. Ill. 2007). Rather, it is the Progressive Defendants' burden to prove their claim of fraudulent joinder by providing clear and convincing evidence that "would negate a possibility of liability" on the part of the non-diverse defendants. *Id.*; *Hauck*, 2006 WL 1596826, at *4 ("affirmative proof of fraudulent joinder must be clear and

convincing"). The Progressive Defendants' reliance on Plaintiffs' pleading deficiencies within their fraud claim is insufficient to meet the "heavy burden" required of them to show that Plaintiffs have no chance of recovering.

Furthermore, in reviewing Plaintiffs' Complaint, it is clear they state a claim for fraud against the Progressive employees when resolving all issues of fact and law in favor of Plaintiffs. Plaintiffs allege that the Progressive employees concealed facts or gave false statements of fact regarding the condition of the motorhome, the storage conditions, the destruction or removal of parts from the motorhome, and the availability of qualified repair shops closer to Plaintiffs' home, with the intent to induce Plaintiffs to allow Duncan RV to repair the motorhome and to avoid paying for certain repairs. Plaintiffs relied on these statements to their detriment, suffering damages in the form of loss of use of the motorhome, a decline in its value, and additional corrective repairs. *See McCarter*, 473 N.E.2d at 1018 (stating elements of cause of action for fraudulent misrepresentation). While it is true that claims of fraud must be pleaded with particularity, the Court finds that the Complaint meets the required level of specificity and provides a reasonable basis for predicting that Plaintiffs might be able to recover against the non-diverse Progressive employees. *See Asperger*, 524 F. Supp. 2d at 1096.

Finally, while the Progressive Defendants reference the economic loss doctrine (known in Illinois as the *Moorman* doctrine) as a complete bar to Plaintiffs' tort claims,[1] it is worth noting that "Illinois courts expressly recognize an exception to the Moorman doctrine 'where the plaintiff's damages are proximately caused by a defendant's

---

[1] The *Moorman* doctrine bars recovery in tort for purely economic losses arising out of a failure to perform contractual obligations. *See Moorman Manufacturing Co. v. Nat'l Tank Co.*, 91 Ill.2d 69, 435 N.E.2d 443, 448–49 (Ill. 1982).

intentional, false representation, i.e., fraud.'" *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 568–69 (7th Cir. 2012) (quoting *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 693 (7th Cir. 2011)); *see also First Midwest Bank, N.A. v. Stewart Title Guaranty Co.*, 218 Ill.2d 326, 843 N.E.2d 327, 333 (Ill. 2006). Because of this exception, the economic loss doctrine would not bar Plaintiffs' claim for fraud.

The Progressive Defendants failed to show that Plaintiffs have no possible chance of success, nor have they negated any chance of liability, on the fraud claim against the non-diverse Progressive employees. Thus, the Progressive employees were not fraudulently joined. Because the Court declines to find fraudulent joinder with regard to Plaintiffs' fraud claim, the Court need not determine whether Plaintiffs have asserted viable claims against the Progressive employees for negligence or in-concert activity.

For these reasons, Plaintiffs' Motion to Remand (Doc. 16) is **GRANTED in part and DENIED in part**. The Court **REMANDS** this case to the Circuit Court of Madison County, Illinois, for lack of subject matter jurisdiction. Plaintiffs' request for attorney fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   November 10, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**